## [No. 1607.]
## MANBY v. TURNER.

CONTRACTS—COMMISSIONS—PRINCIPAL AND AGENT.

Where a note and deed of trust was given to an investment company and were transferred to a third party and the owner of the premises mortgaged, applied to the local agent of the investment company to secure an extension of time for the payment of the note, and the investment company having become insolvent and gone into the hands of a receiver, the local agent secured and presented to the owner of the premises a contract of extension executed by another investment company purporting to be the agent of the receiver of the old company, to be delivered to the applicant upon the execution of coupon notes for interest, made payable to the investment company purporting to make the extension, and there was nothing to show that the company had any authority to act for the holder of the note in making the extension, upon refusal of the applicant to sign the coupon notes, the local agent was not entitled to recover his commissions since he had failed to procure an extension from the holder of the note or any one authorized to act for him.

*Appeal from the District Court of Las Animas County.*

Mr. W. B. MORGAN, for appellant.

Mr. JOHN J. HENDRICK, for appellee.

WILSON, J.

Mrs. Manby, the defendant, purchased some improved realty in the city of Trinidad, subject to a mortgage incumbrance placed thereon by her grantors. The mortgage note was dated November 1, 1890, matured November 1, 1895, and was payable to the Lombard Investment Company, from whom the loan had been secured. In December following the execution of the note, it seems that it was sold and assigned by the investment company to one Thomas A. Gill, who continued to be its owner thereafter until its final payment. The deed of trust given to secure the note was also

assigned at the same time to Gill. At the time of the occurrences hereafter referred to and which gave rise to this suit, and long prior thereto, the defendant had knowledge that the note belonged to Gill. The plaintiff also knew that according to its regular course of business the investment company always sold all notes that it took in making loans, but when testifying as a witness at the trial was not allowed to answer a question as to whether he did not know at said time that Gill was the owner and holder of the note. About September, 1895, prior to the maturity of the note, defendant being desirous of securing an extension of its time of payment, applied to the plaintiff, through whom, it seems, as local agent for the investment company the loan had been originally negotiated, to obtain for her such extension, and in pursuance thereof executed to him the following writing:

"CONTRACT.

"TRINIDAD, COLO., Sept. 25, 1895.

"This is to certify that I, L. S. Manby of Trinidad, County of Las Animas, State of Colorado, do hereby appoint C. F. Turner, of Trinidad, County of Las Animas, State of Colorado, an extension of loan One Thousand Dollars for five years at six per cent. per annum interest, payable semi-annually, to be secured by mortgage on the following described real estate, namely lots 3 and 5 in Block four (4) in Wootton & Schneider's Addition to Trinidad, Colorado, and in case the extension of the loan is granted for five years, I agree to pay a commission of $175, or if extension is granted for three years to pay a com. of $140.

"LUELLA S. MANBY, Applicant.

"Witness, J. B. MANBY."

In the mean time, it appears that the investment company had failed, and its business was being conducted by receivers, for whom it was claimed the Concordia Loan & Trust Company was agent. Within a few weeks, but still prior to the maturity of the note, the plaintiff notified defendant that he had secured a promise of an extension, and produced for her

signature a so-called contract of extension, and certain coupon notes to cover the interest to become due during the time of the extension. This alleged contract of extension was as follows:

"CONTRACT FOR EXTENSION OF FIRST MORTGAGE LOAN.

"Whereas, John J. Kime and Caleb Houser owe the Lombard Investment Company $1,000, evidenced by one note bearing date November 1, 1890, interest 6 per cent, secured by trust deed, duly recorded.

"And whereas, the above described note matures the first day of November, 1895.

"And whereas, the Lombard Investment Company is now in the hands of receivers, and the Concordia Loan & Trust Company has been appointed agent for the owner of this loan. And whereas Mrs. L. S. Manby, now owns the property described in and covered by the aforesaid mortgage, which mortgage and the note secured thereby, the said Mrs. L. S. Manby assumes and agrees to pay.

"And whereas the said debtor desires to extend the time of payment of $1,000 of said principal sum for the term of three years at 6 per cent payable semi-annually, and has executed six extension coupon notes, for $30.00 each. And agrees that the Concordia Loan & Trust Company, agent, successors or assigns, may at its option, declare such extension at an end, and proceed to collect said debt and foreclose said mortgage at once, in case of default.

"Now, the said Concordia Loan & Trust Company, agent, agrees that upon the foregoing conditions it will grant the extension herein requested.

"Dated at Kansas City, Mo., October 11, 1895.

"..................................................... Mortgagor.

"..................................................... President.

"By ..............................................................

"Agent for Mortgagee."

It was not signed by the beneficiary named in the trust deed, or by the then holder and owner of the note, or by any one purporting to act for them or either of them. The accompanying interest coupon notes were for $30.00 each, and were made payable to the Concordia Loan & Trust Company, or bearer.

Defendant refused to sign the contract and coupon notes, and thereafter it does not appear that anything further was done in the premises by the plaintiff. On December 2 following, about a month after the maturity of the note, the defendant paid off the whole indebtedness. Thereupon, plaintiff commenced suit against her to recover the amount of commission which he was to have received according to the writing executed on September 25, if he had secured an extension, claiming full performance on his part of the contract. The verdict of the jury and judgment were in favor of plaintiff.

On the material issues there was no conflict of testimony, and the judgment was entirely without evidence to support it. The owner of the note, Gill, was the only person so far as appears from the evidence, who had any authority to grant an extension or authorize any one to do so on his behalf. There was no evidence to show that the loan and trust company was empowered by Gill to act for him in any manner in reference to the note. There was no evidence to show, or tending to show even, that the Lombard Investment Company, for whose receivers the loan and trust company claimed to be agent, had any authority to grant any extension of time of payment. Assuming that there was evidence to show that the interest on the loan previous to this time had been paid to the investment company, yet that fact was by no means evidence that it was an agent with power to grant an extension of time of payment. The so-called contract of extension, claimed to have been secured by plaintiff, was a contract solely of the Concordia Loan & Trust Company, when it should be signed, and there being no evidence to show that it had any authority whatever from Gill, the

owner of the note, and the fact of this ownership being at that time known to the defendant, she had a right to refuse to sign it, and by so doing she did not become liable in any manner whatever to pay any commissions to the plaintiff. There was a failure of performance on the part of plaintiff. Especially would it appear that the defendant had such right to refuse when she was asked to sign, as a part of this alleged extension contract, six coupon interest notes, payable to a party who she knew was not the owner of the principal note. What would have been her redress if the loan and trust company had assigned these notes to others, or had failed to pay them to Gill when collected? The defendant had a right for her own protection to have some proper proofs and assurances that the party representing itself as agent and assuming to act as such for the owner of the note, was such agent, before she could be asked to sign any such papers as presented. It is an elementary principle that the representations of the agent himself are not sufficient proof of agency. But the so-called extension contract does not of itself represent that the loan and trust company was the agent for Gill. It is true it recites that the loan and trust company " has been appointed agent for the owner of this loan," but previous to that, in the first sentence of the contract, it recites that, " Whereas John J. Kime and Caleb Houser owe the Lombard Investment Company $1,000, evidenced by one note bearing date," etc. No other reasonable conclusion can be drawn from these recitations than that it purported to state that the investment company was the owner of the note, and the only one for whom the loan and trust company was agent. The plaintiff wholly failed on his part to perform the services agreed upon, and he was therefore not entitled to recover in this action. No extension of the time of payment having been secured, the defendant had a right to pay the indebtedness after maturity, without incurring thereby any liability under her contract with plaintiff.

For these reasons the judgment will be reversed.

*Reversed.*

BISSELL, P. J., not sitting.